Please be seated. We're just short because of passing traffic problems. She may arrive during your argument, which case you come in. She will be able to listen to the oral argument based on the recordation on the State Supreme Court website. You may proceed, Mr. Clerk. Your Honor, this case on the Doctrine 2-17-0171. In the marriage of Campbell C. Campbell, Petitioner of Common, the advocate of Campbell, respond in affidavit. Third party respond in affidavit. Pardon me on behalf of the Petitioner of Common, Ms. Galetka Pettis-Stendhal. Pardon me on behalf of the respond in affidavit, Mr. T.L. Newton-Collins. Mr. Pettis-Stendhal? Yes, Your Honor. You may proceed. Good morning, Your Honors. Good morning. May it please the Court, my name is Galetka Pettis-Stendhal and I represent the appellant. We are appealing the Circuit Court's decision that Pamela Campbell's claim for a lien upon Donna Campbell's interest in real property, commonly known as 1032 West 32nd Street, Chicago, was improper. We are appealing this based on Section 505D of the Illinois Marriage and Dissolution Act, which clearly provides that any support order entered by the court is a series of judgments against the person obligated to pay the support. And each judgment should be deemed entered as of the date each payment comes due. That statute also provides that notwithstanding any other law or state or local law to the contrary, a lien arises by operation of this statute against the real and personal property of the obligor for each installment of overdue support owed by the obligor. So in this case, Donna Campbell owed many months of child support, and each of those months of child support, Pamela Campbell had a lien by virtue of this statute for all of those months of child support when they became due, according to the statute. So there were 26 months of child support, 26... Does the statute indicate how notice is to be given to the judgment tender? The statute does not. In this case, Pamela Campbell... Does it set up a manner in which the judgment creditor is supposed to perfect the lien? It does not specifically say how. In this case, Pamela Campbell filed a claim of lien with the Cook County Recorders of Lien, Cook County Recorder of Deeds Office, against Donald Campbell and his property. She recorded the lien and served Donald Campbell with a copy. Donald Campbell was obviously aware of the lien. He was involved in the proceedings. Why do you say obviously? He was involved in the proceedings in court. At the time, the proceedings... At the time that there was a judgment for dissolution of marriage, he participated in the court action. He participated in the judgment. He was served with a copy of the order for child support. So would that be true of every single individual who's a party in a divorce proceeding other than one who was found in default? Or would they be equally placed on notice? I would think any person who is obligated under a child support order, who has received a child support order, has noticed that they are under an order for child support. They received the order for child support. They know the amount of the child support and the frequency of the child support. In this case, it became... And that was a judgment when it was entered. And in this case, it went into default. It said this statute provides for interest after it is in default. And it also says a judgment, child support judgment, can be enforced such as any other judgment in the state. How does anyone, including a judge, determine priorities as between judgment creditors seeking to levy or execute on the lien property? The law is the first in time, first in right. That, based on recordings with public recordings. So the recording of a lien has to be with notified third party people. Not the obligor or the obligee, but the third parties that may have an interest in the property. In this case, there were no other liens. There was no mortgage. There was no other liens. There were no other judgment creditors that you had to deal with insofar as who was prior? Yes. There were no other judgment creditors. There was not a mortgage lien on the property in question. So the priority of liens is not a question in this matter. The question is whether or not she had a lien. The judge held her lien was improper. He held that what she recorded was improper. And the appellees will say that because she recorded it against the property and the property was on a land trust, that makes it improper. The statute says she had a lien before she recorded anything, before she wrote that piece of paper. The piece of paper was simply spreading it of record and perfecting her lien. So was the trial court's ruling that no lien was created? The trial court held that her lien was improper and that she did not have a lien on his property. And the trial court specifically released her lien that she had recorded in this matter, thus releasing the property to be sold. Did the trial court cite any statutory or case authority as to why this was improper? They did refer to Willow Watling. I was not clear as to, at all, as to why the court held it was improper. My reading of the statute, the statute is the plain language of the statute. I have read the statute over and over and over again, Your Honors. And I cannot find anything in the statute that would indicate that the child support lien that occurred by virtue of the child support that was owed to my client was improper. Wasn't the trial court applying 1402, though? They were applying 1402. And in this case, the statute says the lien arises by operation of this statute. I interpret that as you have to go back and ask for a memorandum. You don't have to go back. And because when this statute was changed... Does it say operation of the statute or does it say operation of law? It does say operation of the law, Your Honor. What does that mean to you? Well, my research... Or maybe I should say, what do you think it should mean to us? My research of the statute was that that language was put in so that child support judgments could be enforced across the country in different states the same way. That the federal law caused all the states to change their laws so that each state's enforcement procedures, which were different, would not affect child support judgments. And that child support judgments could be enforced unilaterally across statewide or nationwide the same way. So that the lien would arise when the child support judgment was entered. So that Illinois could collect in Indiana. Well, I think the statute says not when the judgment was entered, but when the payment became due. Does it not? It actually says each judgment and the amount of each payment installment and each judgment to be deemed entered as of the date of the corresponding payment. You are correct, Your Honor. Or when it becomes due. So the date it becomes due is the date of the judgment. Let's say you have a lien by operation of law. But the lien has to attach to a piece of property at some point in time. You can't just yell out, I have a lien on all this property. At some point in time, it reminds me of Michael in the office saying, I declare bankruptcy. Yelling out, I declare bankruptcy. And somebody said, well, you have to do a little more than that. And so here we're talking about the lien attaching to this particular piece of personal property, which is the beneficial interest of the land trust. Right. Well, in this case, on April 26, 2012, Pam Campbell reduced her lien to a piece of paper, spread it as record publicly, recorded it with the recorder of deeds, and sent Donald Campbell a copy of that lien. It also was a public record then. Anyone could see that she had a lien. And it connected, it also referenced the property. So it referenced the property. It referenced Donald Campbell. And she spread it as record, therefore notifying any other judgment creditors. Was it incumbent upon her to serve the trustee? It may have or may not. She did not, as far as I can tell, she did not serve the trustee. And the trustee was not mentioned in the claim of lien. She had a lien against Donald Campbell's real and personal property. So you are asking. That's what the statute says? It says it's a lien against personalty and realty? It does. So regardless of what this property is classified as, if it's realty, then maybe it should have been, quote, unquote, served notice upon the trustee if somebody was attempting to sell the real estate at a share sale or some sort of auction. Whereas if it was personalty, notice to the judgment debtor was sufficient because it was personalty. The issue in this case was not notice to the trustee. However, the issue in this case was whether she had a lien and whether or not her lien was improper. Judge Douglas held that her lien was improper. And there was no discussion of the amount or notice in the circuit court. There was simply a holding that her lien was improper. And under the cases, as your esteemed honors have already grasped, Donald Campbell's interest in land trust is personal property. He was also the owner of the property. Cases have held that if you have interest in land trust, they held that tax liens can attach personally to the person who owns a piece of property through a land trust. That's in People vs. Chicago Title. That has been the law for some time in our state. So I'm at a little bit of a loss because all of the cases that I found say that you can discuss whether or not it's personal property or real property. This statute says real and personal property. So she would have a lien against his personal property as well as his real property. So whether or not his interest in land trust is personal, interest in a real piece of property, she had a lien against it by operation of this statute and the law. It would seem that I'm not sure exactly what would make her lien improper unless the court had somehow vacated or changed the child support order. Is there a way of filing a notice with the recorder or someone, possibly the county clerk, relative to judgments or liens on anything? To serve third parties who are not involved. That is the purpose. To serve or to put third parties on notice? To notice third parties, to notice public that is not involved and to notice the parties that you're claiming your lien. She claimed her lien in 2012, well before Donald Campbell became deceased. There was opportunity for Donald Campbell to object. Is there any significance that I think in this case the real estate was sold and what was in the trust was the proceeds from the sale? The real estate was not sold until after the judge held that Ms. Campbell's lien was improper. The real estate, Donald Campbell became deceased and the real estate successor beneficiary of the trust was his mother. Isn't there an amount of money that's supposed to be set aside on this case? There was an amount of money set aside in the amount of the face value of the lien by the judge. In the same order, holding that the lien was improper, he held that an amount of money equal to the face value of the recorded lien be set aside while the lien was released. What's the economic impact of the request for relief? In other words, are we going to throw divorce or dissolution back into the Middle Ages? Will chaos ensue? I don't believe chaos will ensue. This is a simple child support enforcement matter. This was a simple child enforcement matter that involved a piece of real estate that was in a land trust. The child support went unpaid. A lien got filed. And in the normal course of things, if the lien had not been held improper, some amount of money would have had to have been paid to Pamela Campbell to release the lien in order for that property to get sold. In this case, the court intervened and held that the lien was improper, thereby allowing the property to be sold without any money to be paid to Pamela Campbell. This is child support. And child support, as your honors know, is very public policy to enforce child support. It is held to a higher standard. In bankruptcies, it's non-dischargeable. It is similar to certain tax liens where it is not simply similar to an unsecured lien. It is a special lien, as it were. And that is why we have this special law that involves what the effect of a child support order is. It is different than a lien for an unpaid credit card bill. You may have answered this before, but what do you think the legislature intended in the passage of this statute? They intended to allow child support to be directly enforced so that the people collecting child support, mostly the state collecting child support, but the state or the people to whom child support is owed can collect their money without going through different procedures in different states to get their money. In Illinois, yes, there are procedures. If you have a judgment, you have to go to a citation to discover assets. First of all, Pamela Campbell knew about this asset. She didn't have to discover this asset. This asset had once been involved in a divorce. She knew Donald Campbell owned this asset. She went directly and recorded her lien against Donald Campbell and this asset because she already knew about it. A judgment creditor for anyone can record their lien. Memorandum of judgments can get automatically recorded all the time. This claim of lien is no different. And the question is not whether it might be a question of whether or not it attached to the real estate and how it attached to the real estate. If she was trying to foreclose against the real estate, she was not. She was trying to collect from the proceeds of the sale of the real estate, which is different than trying to foreclose. You're going beyond the question, I think, and your time is up. So you'll have an opportunity to make one. Unless you have a question, Michael. Mr. Dottie? Thank you for your opportunity this morning. Your Honor, the end result of Judge Douglas' ruling, while unfortunate for Pamela Campbell, is in a sense upholding what Illinois law is. It is in conform with the child support statute. We do not deny the fact that the statute provides that judgments occur when child support comes due and has not been paid. We do not deny that interest also occurs. You also don't deny that there was child support due in this case. We will not deny that. There was some controversy between court records, clerk's records, that there may or may not have been. We did not get to the extent of determining what amounts may or may not have been due. But it is a possibility that there was child support due. But the issue comes down straightforward to what is the law. The law provides that, yes, a judgment attaches and by operation of law, a judgment occurs and also added a lien. However, our code of civil procedure provides what are the next steps in this matter. And the fact that Pamela Campbell was not an attorney, did not follow what the procedure, should not be the guidance for allowing an improper lien, imperfected lien to attach to property that was held in trust. Is the crux of this case the interplay between 505 and 1402? Yes, sir. Then why wouldn't 505 take precedence over 1402? Well, 1402 in essence goes out the window where a lien is created under 505 by operation of law. I think that what happens is they actually work in concert together. 505 provides for somewhat of an immediacy vehicle to have a judgment. You do not have to come to court and say, I was owed these amounts. I deserve to have a judgment. Please enter judgment. It shortcuts that process in the sense of providing effective, this is an automatic judgment. Now, how do you enforce your judgment? 505, if it was meant to supersede rules of civil procedure on how do you proceed with your judgment, would provide for that. But it doesn't. It just provides the shortcut of acquiring your judgment and providing you with a lien. Now, what do we do with those? We have to go to the code of civil procedure for determining how now do I enforce my judgment? How now do I perfect my lien? And with this situation, we have an issue because it is in a land trust. And there are special rules. Are you familiar with mechanic lien law? Yes, Judge. Do you? Doesn't the mechanic lien law relate requirements to perfect the mechanic's liens? The detailed intricacies of it, I am not aware of. What I'm getting at is that I believe that there are mechanics liens. There are artisan liens where somebody has actually worked on something. And the lien is perfected so long or there is a lien so long as the lien or the worker retains possession. And if that person gives up possession, then they don't have a lien anymore. When you say that the code of civil procedure is the thing that controls here, why doesn't it control in other areas of lien law like mechanics lien? Because I don't know that the code of civil procedure says anything about affidavits and notice of filing within 60 days or 90 days or whatever it is and whether or not there have to be sworn affidavits and releases and so on and so forth. That seems to be within the purview of the mechanics lien law. So why is it that in this situation where it's operation of law, there has to be a reference to the civil procedure? Because we have a special vehicle. We have a land trust. We have the fact that it's set forth that the interest in the rest... Well, how can the land trust be special if it's nothing more than either personal or realty? Well, and you're absolutely correct. The issue is this. It's personal realty. Okay, for a land trust, what do we do with the realty end of it? We have to provide notice and we have to perfect the lien. But the land trust says it is not real property to the grantor. This is a trust that existed prior to the marriage, so there is no doubt about the fact that there is no fraudulent transfer. This wasn't meant with an intent to deprive of child support. This property existed. What it comes down to, and I think this is where the concert of 505 and 1402 comes into play, is Pamela Campbell did have a judgment and a lien on the personal end of the trust. What is on the personal end of a land trust? It is any income that is derived from that property or any actual sale proceeds that the person that has the judgment credited, the actual person who has the judgment, would receive. Had Donald Campbell sold the property and received the proceeds from this piece of property, the lien attaches. And Pamela Campbell had a right to those proceeds. But the vehicle of the trust provides for beneficiary interest, and the beneficiary was not someone obligated to pay the child support, was not someone who was Donald Campbell. Again, if it attaches to the person, it is Donald Campbell only. Unless we find that there is a fraudulent transfer, which we can't find in this situation, again, because it had been in trust even prior to the marriage. If we go to the real end... Do you understand the difference between perfecting a lien and executing on it, or foreclosing on it? Yes. Okay. It seems to me that when you refer to a land trust and you refer to sending notice to the trustee, et cetera, doesn't the filing of the memorandum of judgment that's placed upon or in the chain of title put the trustee on notice that there is a memorandum of judgment? Well, I suppose it could. However, in this case, there wasn't. Well, you answered the question. It does. It gives the trustee notice. But in order to force the sale or to levy and execute on that lien, that memorandum of judgment, whatever, you have to serve the land trustee. Now, that is... There is actually, in some instances, I submit to you, there are two forms of perfection of liens. One is setting of records so that third parties who supposedly deal with whatever it is, that is either personal or realty, are placed on notice that they may not be a BFP, a bonafide purchaser for value, because of the notice that's sent out of record. Then there's the other part, which is to sell the property or levy on it, execute it, to liquidate the asset into money or, if they don't want to turn it into money, they can turn it into whatever, convert the asset and use it for their own personal good. So there seems to be some confusion here between dealings with creditors or third parties for purposes of setting priorities and cutting off their possible rights to the property in the event that they give consideration and dealing with this as a land trust. I'll concede that if the trustee isn't given notice, how is the trustee supposed to know what's going on? But that isn't what happened here, is it? Well, if you take the fact that there's a filing and now the trustee is on notice, that's granted, but we still have to go back to the point of what is the obligation? Who has what interest in the payment? What is the logical course of the way that the Rules of Civil Procedure set up land trusts? And I still go back to the fact of what did Donald Campbell have? Donald Campbell had merely a beneficial interest in that property. Had Donald Campbell received any actual beneficial interest from it, then Pamela Campbell had the right to proceed on that beneficial interest. The issue really isn't how this was perfected. I mean, the trial court went into this thing about how Pamela should have done a memorandum and gone through all the steps, filed the citation, and then it would have attached. But you're saying that doesn't even matter because even if they had done all those things and then he dies, then his personal property interest in that is gone and then the next beneficiary under the trust has that interest and that ring wouldn't attach to that person's interest. Yes, in essence, we can surpass. I still think that we need to follow the procedure. I still think that the citation was supposed to be set forth. In what form? We don't need to go into that. You're saying in this fact situation, what difference would that make? If what you're saying is we really just look at who has the beneficial interest at a particular point in time, when it's sold. I don't necessarily disagree with that conclusion. In the end result, we still have the fact of what did the beneficial interest that transferred to a non-obligated party. You know, these are all legal niceties, but what about the cases at council sites that basically says that a beneficial interest in a land trust is really an ownership interest and then you're basically, and then you have this public policy that we all know about with child support. So you're basically saying due to the unforeseen circumstances of this person dying who had the ownership interest in this property, that then because the beneficial interest transferred, the kids are out the money. Well, I don't know that I necessarily agree that council's cases cited really represent that. I think if we go to the Sterling case, the Sterling case actually kind of supports a prior perfection of lien theory, which would be the creditor's bill that was a requirement. So I'm not in agreement that council's cases provide that there is an ownership interest because it's never been an ownership interest to parties or the grantor of a land trust. The property is just the rest of the trust and you lose your ownership interest. That's the whole reason for it. If we want to kind of draw an analogy to bring it back into a child support realm, let's think of one who was setting child support and there's someone who's receiving spray provisions from a trust. We can't look at the whole trust and say we're setting child support on the entirety of the trust. We're only looking at what is the beneficial interest and we can look at what the party, the obligor, receives on those spray provisions. It goes the same to here that Donald Campbell had an ability to potentially receive income and to actually receive the proceeds from it. Yes, it is unfortunate that Donald Campbell passed away. The legal operation of the land trust passed on the corpus of the trust to someone who was not obligated to pay child support. The terms of the land trust. I'm sorry, Jim. The terms of the land trust. Because the terms of the land trust don't provide what is supposed to happen to the beneficial interest. I believe it becomes personal property that should be included in an inventory of the probate estate of that individual. If there was a probate estate, you're correct. But if there was a probate estate, there was no probate estate here because there was nothing to probate. Everything went down by beneficial interest. And as Justice is going to understand. When you say beneficial interest, things don't, by operation of law, descend and devolve based upon the fact it's a beneficial interest. It is transferred or whatever by the terms of the trust that supposedly created the beneficial interest. Correct, sir. So in this instance, the beneficial interest devolved or was transferred because that's what the trust agreement said, not because of operation of law. There can be trust agreements where when somebody dies, the trust, the beneficial interest remains with the decedent to the extent that it goes into his estate. Why is that? Because it's in the terms of the trust agreement or it's silent, in which case there isn't an automatic passage. Correct? Correct, sir. Okay. Correct. I think we've clarified that. I'd like to know why or how we are supposed to interpret operation of law in a way such that it means that there has to be additional acts on the part of the judgment lean or or the lean or. My interpretation of the provisions of operation of law are kind of as I set forth earlier, you bypass this step. You bypass having to come to the trial court and say, trial judge, I was entitled to something. Rule upon my entitlement to it and grant me a judgment. From your granting of my judgment, I can now receive a memorandum of judgment to go report it and proceed. 505 merely circumvents that proceeding. It provides merely for the fact that you do not have to do that proceeding. You now have a judgment by operation of law by the fact that we want and we don't want to have to have you come back into court for these types of proceedings. Well, does the statute say that you have a judgment by operation of law or does it say you have a lean by operation of law? Well, I'll go back into it. I'm analogizing this to mechanics leans because the mechanic may have a lean, but unless there is some sort of stipulation or agreement or settlement, there has to be an adjudication of just what the amount of that lean is supposed to be. And so the fact that there may be a lean on his property doesn't mean that it doesn't have to go back to court to determine the amount of the lean. It should go back to court to determine the amount of the lean. I don't disagree that the fact that the property owner could go back into it and could raise that issue with the trial court. They could file a petition to acquire title, something to that effect, and to make it go back to the trial court to make a determination of the amount. But I think this comes into now the second step of it. It wasn't just a piece of real estate. It wasn't a piece of just regular real property. This was a property that was in the trust. It brings up a special circumstance. Your Honor, and counsel is absolutely correct, had this not been in the trust, it would have attached. The lean was perfected. Pamela Campbell did the right thing. You're, in essence, saying that if property is in a land trust, then there is an exception that we must assume is implied in the statute and that operation of law doesn't really mean that when it comes to land trusts. Absolutely, because this is a special creature that the legislature has created and we have acknowledged for decades. It is something that is out there. It's a special animal. You said that Pamela did the right thing. First of all, she didn't get the child support, so by operation of law we have a judgment and a lien against this personal property, which would include this beneficial interest. She did the right thing by recording the lien and sending him notice. Earlier you said if he had sold the property during his lifetime, then the lien would have attached. She would have the ability to seek the lien against the proceeds that he would receive. Are you saying that even in light of the trial court's holding that basically said that she would have had to do other things other than sending him notice and filing the lien, recording the lien? I still go back to that there was procedure to require her to do certain things, the citation to discover assets, because this was a trust. I still hold with that, but Your Honor asked me about the fact that do we even need to consider that given this circumstance? I know, but I'm asking a hypothetical. I understand what your argument is, believe me. I would still go back to the fact that she did not perfect it on the trust properly. If we were in a situation, I think what Your Honor is saying is if we were in a situation, Donald Camp was alive, he had sold the property, he had received the proceeds. Right, and now you're representing him here. Now I'm representing him. Would you be arguing that she didn't do the right thing by not filing the memorandum of judgment, serving the citation to attach that money? I would have to be, yes. I don't know. I don't have any questions. Thank you, sir. Justices, thank you very much. Ms. Lew-Kendall. Thank you. I just have a couple of minor things. First, a fact that has not been discussed is Janet Campbell sought and did intervene in this case as a party in order to get the courts, in order to be allowed to speak before the court, in order to get the court to, she was not a party to the case, she intervened in the case. She stood in Donald Campbell's shoes the minute she intervened in this case to ask the court for anything. So Janet Campbell came before the court to ask the court for assistance in this matter. Well, why was she standing in his shoes? Why was she standing in her own shoes as the beneficiary of this land trust after his death? She was. She was standing in her own shoes as, but in this case, she was standing in her own shoes as a beneficiary of the land trust against which she was trying to get a judgment released. She was trying to get the lien released against the property that she came into title, that she came into ownership of. And also, Your Honor, you mentioned about the amount of the judgment. You said, Your Honor, which one of us? I'm sorry. We're both on it. Justice McClaren. Okay. Well, you mentioned just now in discussion of the statute, the statute does specifically say it tries to describe the amount of the judgment because it says each child support obligation, the amount of each payment or installment is the amount of the judgment. So each month is a separate judgment, and it has an amount. It's the amount that was owed for that month. So there's no question about, and then it goes on to describe interest and things. But that's why I believe the statute says that each judgment is separate. So there is a definitive amount. That's the amount that the court ordered for child support. In this, the cases are clear. Judgments can be enforced against land trusts. They can be enforced against the proceeds from land trusts. Your Honors have the cases. That is not, while land trust law has been here in decades also, creditors have been trying to get proceeds and enforcing liens against land trusts for years as well. Illinois courts have held that they can enforce liens against land trusts. After the death of the beneficiary? I mean, the crux here is, is it still his personal property, his beneficial interest in the land trust? Is it still his personal property after his death? I believe that a couple of the cases that specifically involve people who have died in land trust, I believe it was both the Wuzerwati case and the Sterling case. One of them involved, excuse my memory, Your Honors, involved a deceased abogor. But the lien was spread of record and it attached. And as you asked, so if you allow, if you say that she became ownership, therefore, no lien can be enforced against it. So no mortgage can be enforced against it. No third-party lien can be enforced against that land trust. Those things are enforced all the time. This is not any different than a third-party creditor or, well, it is different. It's more special. It is more important than a third-party creditor. It is more important than, it is not a mortgage on the property. But all of those things would have to be satisfied before this property would be sold. This should have been the same as any other lien recorded, properly recorded in this case. As you heard Mr. Downey say, he said she spread it of record. She notified everyone. She did not specifically send it to the land trust. However, the land trust was aware of it. They became aware of it. They did not allow the property to be sold, so they were aware of it. There's not an issue of whether or not the land trust had noticed. The issue here is can you avoid paying child support? Can a child support obligation be avoided by the death of the beneficiary in the land trust? That is the question. And I would ask your honors to reverse the circuit court's order in this case, holding that Kim Campbell's lien was improper. Thank you. I think you asked did it be remanded for further proceedings or did you just ask for a judgment? I did ask for further proceedings because the amount was never determined. That's what I thought. Okay. Thank you. We'll take the case under advisement. Thank you. There will be a recess. There are other cases on the call.